CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN - 4 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN M. LUCK, <br> Plaintiff, | Civil Action No. 7:06cv00726 |
| v. | **MEMORANDUM OPINION** |
| DANVILLE CITY JAIL, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Kevin M. Luck, #357552, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Luck alleges that, in 2000, defendants violated his constitutional rights. He seeks $350,000 dollars in damages, in addition to "compensation for lose [sic] of work, and medical needs." Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Luck complains that defendants committed "dangerous negligent and wreckless [sic] acts" and "knowingly [and] deliberately disregard[ed] their requirements under Laws an [sic] Constitute [sic]." In his complaint, rather than stating any facts, he instead refers to an attached document that purports to be a copy of a complaint filed in the Circuit Court of Pittsylvania County on April 20, 2001, although the clerk's stamp on the complaint indicates that it was filed in the Circuit Court for Danville.[2] That complaint, brought under the Virginia Tort Claim Act against the same defendants

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] That civil case, CL01000074-00 (which is the case number on Mr. Luck's attached document), was indeed filed in the Circuit Court for Danville, not the Circuit Court for Pittsylvania County. It was resolved in favor of the defendants on August 24, 2001, with final judgment issued on September 5, 2001. Plaintiff has filed criminal appeals and petitions of habeas corpus with the Court of Appeals of Virginia or the Supreme Court of Virginia, but those courts have no records of an appeal of the civil case.

named in this complaint, alleges the following: on March 4, 2000, plaintiff was arrested and jailed in the Danville City Jail, where he was forced, due to overcrowding, to make his bed on the floor; the plumbing in the cell leaked onto the floor; he was continually engaged in mopping the water so that his bed would stay dry and, on occasion, he awoke to find that his bed was "soaking wet"; he informed jail authorities, who stated that "public works is coming to fix it"; and that, on May 15, 2000, he slipped in the water and dislocated his shoulder. He pursued a series of grievances concerning the incident and his follow-up medical care throughout the remainder of the year. All of the copies of grievances that he submits to the court are dated 2000. And, as previously noted, final judgment in Mr. Luck's civil case was resolved in favor of the defendants on September 5, 2001, and Mr. Luck did not file an appeal with the state appellate courts.

There is no federal statute of limitations applicable in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Therefore, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

However, the time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his

2

complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). Accordingly, in Virginia § 1983 cases, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit. As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this action, the court may summarily dismiss the complaint as failing to state a claim upon which relief may be granted, pursuant to § 1915A. See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983)(court may dismiss based on affirmative defense under predecessor statute).

After review of plaintiff's factual contentions, I find that Luck is barred from bringing suit under § 1983 against these defendants as to all claims, which arise more than two years prior to the date this complaint was delivered to prison authorities. Luck signed and dated his complaint December 6, 2006; accordingly, I will assume he delivered the complaint to prison officials on the same day. Therefore, Luck's claims, all of which arose prior to December 6, 2004, are barred by the statute of limitations, are clearly no longer actionable under § 1983, and must be dismissed, pursuant to § 1915A, as failing to state a claim upon which relief may be granted.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 4th day of January, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge